**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| **CHRYSTAL BROWN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COUNTY OF HAMILTON, TENNESSEE; HAMILTON COUNTY SHERIFF JIM HAMMOND; QCHC OF TENNESSEE, PLLC; and, DOES 1-15, INCLUSIVE** | ) | **Docket No. 1:23-cv-45** **JURY OF 12 DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

**ANSWER OF DEFENDANT**
**QCHC OF TENNESSEE, PLLC**

COMES NOW, the Defendant, QCHC of Tennessee, PLLC, by and through counsel, and for its Answer to the Complaint filed against it, states and avers as follows:

## I. BACKGROUND

1. For answer to the averments contained in Paragraph 1 of the Complaint, such averments state only the legal theories upon which the Complaint is based and relief demanded therefore and therefore no response is required thereto. It is specifically denied that this Defendant was, at any time deliberately indifferent to the needs of Mr. Brown and further denies that the Plaintiff is entitled to the damages claimed against this Defendant under any theory whatsoever.

2. For answer to the averments contained in Paragraph 2 of the Complaint, such averments pertain to another or others and therefore no response is required of this Defendant. To the extent such averments may pertain to this Defendant, they are denied. It is admitted that this Defendant has had lawsuits filed against it.

3. For answer to the averments contained in paragraph 3 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant, strict proof is demanded thereof.

4. For answer to the averments contained in paragraph 4 of the Complaint, it is denied that this Defendant has engaged in "medical neglect" in its care of the inmates at Silverdale. The remaining averments pertain to another or others and therefore no response is required thereto.

5. For answer to the averments contained in paragraph 5 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant, strict proof is demanded thereof. It is specifically denied that this Defendant engaged in medical neglect. This Defendant relies upon the medical records of Mr. Brown, to the extent they are accurate.

## II. JURISDICTION AND VENUE

6. For answer to the averments contained in Paragraph 6 of the Complaint, such averments state legal conclusions and the basis upon which Plaintiff purports to bring this claim and no answer is required thereto.

7. For answer to the averments contained in Paragraph 7 of the Complaint, such averments state a legal conclusion to which no response is required.

8. For answer to the averments contained in Paragraph 8 of the Complaint, such averments state a legal conclusion to which no response is required.

## III. PARTIES

9. For answer to the averments contained in Paragraph 9 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant, strict proof is demanded thereof.

10. For answer to the averments contained in Paragraph 10 of the Complaint, such averments pertain to another or others and no response is required of this Defendant.

11. For answer to the averments contained in Paragraph 11 of the Complaint, such averments pertain to another or others and no response is required of this Defendant.

12. For answer to the averments contained in Paragraph 12 of the Complaint, such averments are admitted.

13. For answer to the averments contained in Paragraph 13 of the Complaint, such averments pertain to another or others and no response is required of this Defendant.

14. For answer to the averments contained in Paragraph 14 of the Complaint, this Defendant denies the first sentence contained therein. This Defendant is without sufficient knowledge or information to admit or deny the averments contained in the second sentence of Paragraph 14 and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant, strict proof is demanded thereof. The remaining averments contained in Paragraph 14 of the Complaint contain no statement of facts to which a response is required.

## IV. FACTUAL ALLEGATIONS

### *History of Medical Neglect, Inhuman Conditions, and Inmate on Inmate Violence at Silverdale*

15. For answer to the averments contained in Paragraph 15 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. This Defendant does deny that it failed to provide proper medical care to inmates at Silverdale.

16. For answer to the averments contained in Paragraph 16 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof.

17. For answer to the averments contained in Paragraph 17 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. This Defendant does deny that it failed to provide proper medical care to inmates at Silverdale.

18. For answer to the averments contained in Paragraph 18 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof.

19. For answer to the averments contained in Paragraph 19 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof.

20. For answer to the averments contained in Paragraph 20 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof.

21. For answer to the averments contained in Paragraph 21 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof.

22. For answer to the averments contained in Paragraph 22 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. Further, this Defendant cannot comment upon medical treatment and conditions of other inmates due to HIPAA and privacy concerns.

23. For answer to the averments contained in Paragraph 23 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. Further, this Defendant cannot comment upon medical treatment and conditions of other inmates due to HIPAA and privacy concerns.

24. For answer to the averments contained in Paragraph 24 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof.

25. For answer to the averments contained in Paragraph 25 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof.

26. For answer to the averments contained in Paragraph 26 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. Further, this Defendant cannot comment upon medical treatment and conditions of other inmates due to HIPAA and privacy concerns.

27. For answer to the averments contained in Paragraph 27 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof

28. For answer to the averments contained in Paragraph 28 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. Further, this Defendant cannot comment upon medical treatment and conditions of other inmates due to HIPAA and privacy concerns.

29. For answer to the averments contained in Paragraph 29 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. Further, this Defendant cannot comment upon medical treatment and conditions of other inmates due to HIPAA and privacy concerns.

30. For answer to the averments contained in Paragraph 30 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. This Defendant specifically denies that it has engaged in medical neglect.

***Mr. Brown's Unnecessary and Preventable Death due to Medical Neglect Committed by Silverdale Officials***

31. For answer to the averments contained in Paragraph 31 of the Complaint, it is admitted that Mr. Brown was transferred to Silverdale in the beginning of February 2022. This Defendant is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 31 and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant, strict proof is demanded thereof. This Defendant further relies upon the medical records of Mr. Brown to the extent they are accurate.

32. For answer to the averments contained in Paragraph 32 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. This Defendant further relies upon the medical records of Mr. Brown to the extent they are accurate.

33. For answer to the averments contained in Paragraph 33 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims

against this Defendant strict proof is demanded thereof. This Defendant further relies upon the medical records of Mr. Brown to the extent they are accurate.

34. For answer to the averments contained in Paragraph 34 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. This Defendant further relies upon the medical records of Mr. Brown to the extent they are accurate.

35. For answer to the averments contained in Paragraph 35 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof.

36. For answer to the averments contained in Paragraph 36 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. This Defendant further relies upon the medical records of Mr. Brown to the extent they are accurate.

37. For answer to the averments contained in Paragraph 37 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. This Defendant further relies upon the medical records of Mr. Brown to the extent they are accurate.

38. For answer to the averments contained in Paragraph 38 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and

therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. This Defendant further relies upon the medical records of Mr. Brown to the extent they are accurate.

39. For answer to the averments contained in Paragraph 39 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. This Defendant further relies upon the medical records of Mr. Brown to the extent they are accurate.

40. For answer to the averments contained in Paragraph 40 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. This Defendant further relies upon the medical records of Mr. Brown to the extent they are accurate.

41. For answer to the averments contained in Paragraph 41 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. This Defendant further relies upon the medical records of Mr. Brown to the extent they are accurate.

42. For answer to the averments contained in Paragraph 42 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof.

43. For answer to the averments contained in Paragraph 43 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. This Defendant further relies upon the medical records of Mr. Brown to the extent they are accurate.

44. For answer to the averments contained in Paragraph 44 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof.

45. For answer to the averments contained in Paragraph 45 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. This Defendant further relies upon the medical records of Mr. Brown to the extent they are accurate.

46. For answer to the averments contained in Paragraph 46 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof.

47. For answer to the averments contained in Paragraph 47 of the Complaint, this Defendant is without sufficient knowledge or information to admit or deny such averments and therefore neither admits nor denies the same, but to the extent pertinent to Plaintiff's claims against this Defendant strict proof is demanded thereof. This Defendant further relies upon the medical records of Mr. Brown to the extent they are accurate.

## V. FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983 – VIOLATION OF EIGHTH AMENDMENT
## BROUGHT BY PLAINTIFF AGAINST ALL DEFENDANTS

48. For answer to the averments contained in Paragraph 48 of the Complaint, this Defendant adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

49. For answer to the averments contained in Paragraph 49 of the Complaint, such averments merely contain a statement of law to which no response is required.

50. For answer to the averments contained in paragraph 50 of the Complaint, such averments state a legal conclusion to which no response is required.

51. For answer to the averments contained in Paragraph 51 of the Complaint, such averments are denied as they pertain to this Defendant.

52. For answer to the averments contained in Paragraph 52 of the Complaint, such averments are denied as they pertain to this Defendant.

53. For answer to the averments contained in Paragraph 53 of the Complaint, such averments are denied as they pertain to this Defendant.

54. For answer to the averments contained in Paragraph 54 of the Complaint, such averments are denied as they pertain to this Defendant. It is specifically denied that this Defendant violated the constitutional rights of Mr. Brown.

## VI. SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983 – *MONELL* LIABILITY
## BROUGHT BY PLAINTIFF AGAINST DEFENDANTS HAMILTON COUNTY AND SHERIFF HAMMOND

55. For answer to the averments contained in paragraph 55 of the Complaint, this Defendant adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

56. For answer to the averments contained in paragraph 56 of the Complaint, such averments pertain to another or others and therefore no response is required of this Defendant.

57. For answer to the averments contained in paragraph 57 of the Complaint, such averments pertain to another or others and therefore no response is required of this Defendant.

58. For answer to the averments contained in paragraph 58 of the Complaint, such averments pertain to another or others and therefore no response is required of this Defendant.

59. For answer to the averments contained in paragraph 59 of the Complaint, such averments pertain to another or others and therefore no response is required of this Defendant.

60. For answer to the averments contained in paragraph 60 of the Complaint, such averments pertain to another or others and therefore no response is required of this Defendant.

61. For answer to the averments contained in paragraph 61 of the Complaint, such averments pertain to another or others and therefore no response is required of this Defendant.

62. For answer to the averments contained in paragraph 62 of the Complaint, such averments pertain to another or others and therefore no response is required of this Defendant.

63. For answer to the averments contained in paragraph 63 of the Complaint, such averments pertain to another or others and therefore no response is required of this Defendant.

64. For answer to the averments contained in paragraph 64 of the Complaint, such averments pertain to another or others and therefore no response is required of this Defendant.

65. For answer to the averments contained in paragraph 65 of the Complaint, such averments pertain to another or others and therefore no response is required of this Defendant.

66. For answer to the averments contained in paragraph 66 of the Complaint, such averments pertain to another or others and therefore no response is required of this Defendant.

67. For answer to the averments contained in paragraph 67 of the Complaint, such averments pertain to another or others and therefore no response is required of this Defendant.

**VII. <u>THIRD CAUSE OF ACTION</u>**
**TENNESSEE COMMON LAW NEGLIGENCE**
**BROUGHT BY PLAINTIFF AGAINST ALL DEFENDANTS**

68. For answer to the averments contained in paragraph 68 of the Complaint, this Defendant adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

69. For answer to the averments contained in Paragraph 69 of the Complaint, such averments state a legal conclusion to which no response is required. This Defendant further avers that any state law negligence claim brought against it would sound under the Tennessee Healthcare Liability Act.

70. For answer to the averments contained in Paragraph 70 of the Complaint, such averments state a legal conclusion to which no response is required. This Defendant further avers that any state law negligence claim brought against it would sound under the Tennessee Healthcare Liability Act.

71. For answer to the averments contained in Paragraph 71 of the Complaint, this Defendant denies that it breached any duty owed to Mr. Brown or was the cause of any injury the Plaintiff claims.

**VIII. <u>FOURTH CAUSE OF ACTION</u>**
**LOSS OF CONSORTIUM**
**BROUGHT BY PLAINTIFF AGAINST ALL DEFENDANTS**

72. For answer to the averments contained in paragraph 72 of the Complaint, this Defendant adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

73. For answer to the averments contained in Paragraph 73 of the Complaint, such averments recite a statement of law to which no response is required

74. For answer to the averments contained in Paragraph 74 of the Complaint, to the extent such averments pertain to this Defendant, they are denied.

75. For answer to the averments contained in Paragraph 75 of the Complaint, to the extent such averments pertain to this Defendant, they are denied.

## IX. FIFTH CAUSE OF ACTION
## TENN. CODE ANN. § 1-3-121
## BROUGHT BY PLAINTIFF AGAINST ALL DEFENDANTS

76. For answer to the averments contained in paragraph 76 of the Complaint, this Defendant adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

77. For answer to the averments contained in Paragraph 77 of the Complaint, to the extent such averments pertain to this Defendant, they are denied.

78. For answer to the averments contained in Paragraph 78 of the Complaint, such averments recite a statement of law to which no response is required.

79. For answer to the averments contained in Paragraph 79 of the Complaint, to the extent such averments pertain to this Defendant, they are denied. This Defendant specifically denies that it was deliberately indifferent to inmate medical needs.

80. For answer to the averments contained in Paragraph 80 of the Complaint, to the extent such averments pertain to this Defendant, they are denied. This Defendant specifically denies that it was deliberately indifferent to inmate medical needs.

81. For answer to the averments contained in Paragraph 81 of the Complaint, to the extent such averments pertain to this Defendant, they are denied.

82. For answer to the averments contained in paragraph 82 of the Complaint, this Defendant denies the Plaintiff is entitled to the relief claimed against this Defendant.

83. For answer to the averments contained in paragraph 83 of the Complaint, this Defendant denies the Plaintiff is entitled to the relief claimed against this Defendant.

84. For answer to the Plaintiff's prayers for relief, this Defendant denies that the Plaintiff is entitled to the relief requested against it under the theories alleged or any theory whatsoever. This Defendant further demands a jury of twelve to try this action.

85. For answer to any averments not heretofore admitted, denied or explained, such averments are denied and strict proof is demanded thereof.

86. For further answer to the Plaintiff's Complaint and without admitting any liability whatsoever, this Defendant wishes to preserve, aver, rely upon, and plead as an affirmative defense any statute of limitations or statute of repose defenses that the evidence may show to be applicable.

87. For further answer to the Plaintiff's Complaint and without admitting any liability whatsoever, this Defendant asserts that the Plaintiff has failed to state a claim upon which relief may be granted.

88. For further answer to the Plaintiff's Complaint and without admitting any liability whatsoever, this Defendant states that this action actually sounds as a health care liability claim

governed by the laws and statutes of Tennessee and therefore relies on any defenses available to it pursuant to the provisions of Tenn. Code Ann. § 29-26-101 et seq. (2012 & Supp. 2014), including the Plaintiffs' failure to comply with §§ 29-26-121 and -122.

89. For further answer to the Plaintiff's Complaint and without admitting any liability whatsoever, this Defendant states that none of the alleged actions constitute deliberate indifference in violation of the Plaintiff's Eighth Amendment rights.

90. This Defendant specifically denies that Plaintiff is entitled to punitive damages. To the extent that the Court allows Plaintiff to proceed with a claim for punitive damages at any time in this action, this Defendant asks the Court to bifurcate any punitive damages claim.

91. For further answer to the Plaintiff's Complaint and without admitting any liability whatsoever to the Plaintiff, this Defendant asserts that to the extent that the Plaintiff or co-Defendants caused or contributed to any injury or damage for which Plaintiff seeks recovery, this Defendant relies upon the doctrine of comparative fault, and states that fault on the part of the Plaintiff and/or co-Defendants bars any recovery against this Defendant, or, in the alternative, requires that any recovery against this Defendant be reduced in accordance with the degree or degrees of comparative fault of the Plaintiff and/or co-Defendants whose fault caused or contributed to any injury or damage for which Plaintiff seeks recovery.

92. For further answer to the Complaint and without admitting any liability whatsoever to the Plaintiff, this Defendant states that none of the alleged actions violated the Plaintiff's Constitutional rights and that it is not liable to Plaintiff under any theory of liability under either federal or state law.

93. For further answer to the Complaint and without admitting any liability whatsoever to the Plaintiff, this Defendant avers that Plaintiff is not entitled to maintain a loss of

consortium claim under state law because it failed to provide a pre-suit notice letter for Plaintiff under the Tennessee Healthcare Liability Act.

94. This Defendant reserves the right to raise any other defenses not expressly referenced in this Answer that the evidence may show applicable, subject to the approval of this Honorable Court.

95. For further answer to the Plaintiff's Complaint and without admitting any liability whatsoever to the Plaintiff, this Defendant reserves the right, subject to this Honorable Court's approval, to amend its Answer as discovery and the evidence in this civil action might show to be justified.

**WHEREFORE**, this Defendant, now having fully answered the allegations of the Plaintiff's Complaint filed in this civil action, prays that the Plaintiff's claims against it be dismissed. Alternatively, this Defendant demands a jury to try this civil action pursuant to Rules 38 and 48 of the Federal Rules of Civil Procedure.

Respectfully submitted this 24th day of March, 2023.

s/Jason H. Long
Jason H. Long (BPR No. 018088)
LEWIS THOMASON
JLong@lewisthomason.com
Market Street, Fifth Floor

P. O. Box 2425
Knoxville, Tennessee 37901-2425
Telephone: (865) 546-4646
Fax: (865) 523-6529

Attorney for QCHC of Tennessee, PLLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document was filed electronically through the Court's ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

This 24th day of March, 2023.

/s/Jason H. Long
ATTORNEY