IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | | |
|---|---|---|
| CHRYSTAL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00045-TAV-CHS |
| | ) | |
| COUNTY OF HAMILTON, TENNESSEE, | ) | JURY DEMANDED |
| HAMILTON COUNTY SHERIFF JIM | ) | |
| HAMMOND, QCHC OF TENNESSEE, PLLC, | ) | |
| SERGEANT HUGHES, SERGEANT HOLLAND, | ) | |
| OFFICER ALLEN, OFFICER GELACIO, | ) | |
| SERGEANT ROBERTS, OFFICER | ) | |
| ACKERMANN, OFFICER LEWIS, OFFICER | ) | |
| BELL, OFFICER WYATT, OFFICER JACKSON, | ) | |
| OFFICER CHISHOLM, OFFICER STOLZ, | ) | |
| NURSE EDWINS, JOHNNY BATES, MD, | ) | |
| NURSE E. WATSON, NURSE LORIE GRAVES, | ) | |
| NURSE KENNETH CRIDER JR., NURSE M. | ) | |
| ALFINDA, DONALD KERN, MD, NURSE | ) | |
| KELLY POWELL, and CHEYENNE HUX, MD, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF NURSE EDWINS. JOHNNY BATES, M.D., NURSE E. WATSON, NURSE LORIE GRAVES, NURSE KENNETH CRIDER, JR., DONALD KERN, M.D., NURSE KELLY POWELL, AND CHEYENNE HUX, M.D.**

Comes now the Defendants Nurse Edwards (misnamed in the caption as Nurse "Edwins"), Johnny Bates, M.D., Nurse E. Watson, Nurse Lorie Graves, Nurse Kenneth Crider, Jr., Donald Kern, M.D., Nurse Kelly Powell, and Nurse Cheyenne Hux (misnamed in the caption as "Cheyenne Hux, M.D."), and for answer to the First Amended Complaint filed in this action would state as follows.

1. Paragraph 1 of the First Amended Complaint states the legal basis for which this action was brought and therefore no response is required of these Defendants. These Defendants do deny that they acted with deliberate indifference with respect to Mr. Brown.

2. These Defendants are without sufficient knowledge or information to admit or deny the averments contained in Paragraphs 2-4 of the First Amended Complaint and therefore neither admit nor deny the same. These Defendants further aver such allegations are not pertinent to the present cause of action, are only intended to sensationalize Plaintiff's cause of action and should be stricken from the First Amended Complaint.

3. To the extent the averments contained in Paragraph 5 of the First Amended Complaint allege these Defendants failed to provide adequate care to Mr. Brown while he was incarcerated at Silverdale Detention Facility, such averments are denied and the factual allegations set forth related thereto are denied as stated. These Defendants rely upon the medical records of Mr. Brown for a complete description of his condition and the care he received while at Silverdale Detention Facility. These Defendants are without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 5 and therefore neither admit nor deny the same. To the extent such averments state a medical opinion, no response is required thereto.

4. The averments contained in Paragraphs 6-8 of the First Amended Complaint state the statutory basis for jurisdiction and venue upon which this action is brought and no response is required thereto.

5. These Defendants are without sufficient knowledge or information to admit the averments contained in Paragraph 9 of the First Amended Complaint and therefore neither admit nor deny the same.

6. The averments contained in Paragraphs 10-24 of the First Amended Complaint pertain to another or others and therefore no response is required of these Defendants.

7. For answer to the averments contained in Paragraphs 25-28 of the First Amended Complaint, it is admitted that these individuals were employed or contracted by QCHC and working at Silverdale but it is denied they failed to provide adequate medical care to Mr. Brown. These Defendants rely upon the medical records of Mr. Brown for a more complete description of the medical care rendered. It is further averred, per Paragraph 26, that upon information and belief the Plaintiff is referring to Nurse Edwards and that "Edwins" is a misnomer. It is further averred, pursuant to Paragraph 28, that Lorie Graves is a Nurse Practitioner.

8. The averments contained in Paragraph 29 of the First Amended Complaint pertain to another or others and therefore no response is required of these Defendants.

9. For answer to the averments contained in Paragraphs 30-33 of the First Amended Complaint, it is admitted that these individuals were employed or contracted by QCHC and working at Silverdale but it is denied they failed to provide adequate medical care to Mr. Brown. These Defendants rely upon the medical records of Mr. Brown for a more complete description of the medical care rendered. It is denied, per Paragraph 33, that Cheyenne Hux is a doctor. She is a registered nurse.

10. The averments contained in Paragraph 34 of the First Amended Complaint state legal conclusions to which no response is required.

11. For answer to the averments contained in Paragraphs 35-59 of the First Amended Complaint, these Defendants are without sufficient knowledge or information to admit or deny such allegations and therefore neither admit nor deny the same. Further, these Defendants aver that such allegations are not relevant to the present cause of action and are included in the First

Amended Complaint to sensationalize this claim and should therefore be stricken from the First Amended Complaint. These Defendants specifically deny that they failed to provide adequate medical care.

12. For answer to the averments contained in Paragraphs 60 of the First Amended Complaint, these Defendants are without sufficient knowledge or information to admit or deny such allegations and therefore neither admit nor deny the same.

13. For answer to the averments contained in Paragraph 61 of the first Amended Complaint, it is denied that Mr. Brown was not receiving any medications. These Defendants rely upon the records of Mr. Brown concerning medications he was or was not receiving while incarcerated. These Defendants are without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 61 of the First Amended Complaint and therefore neither admit nor deny the same.

14. For answer to the averments contained in Paragraphs 62 of the First Amended Complaint, these Defendants are without sufficient knowledge or information to admit or deny such allegations and therefore neither admit nor deny the same.

15. For answer to the averments contained in Paragraph 63-64 of the First Amended Complaint, such averments are denied as to these Defendants.

16. For answer to the averments contained in Paragraphs 65-76 of the First Amended Complaint, these Defendants rely upon the medical records of Mr. Brown reflecting the care and treatment he received while at Silverdale Detention Facility. These Defendants are without sufficient knowledge or information to admit or deny the remaining averments contained in the First Amended Complaint and therefore neither admit nor deny the same.

17. In response to Paragraph 77 of the First Amended Complaint, these Defendants adopt and incorporate by reference all preceding paragraphs as if fully set forth herein.

18. Paragraphs 78-79 of the First Amended Complaint only contain statements of the law to which no response is required.

19. The averments contained in Paragraphs 80-82 of the First Amended Complaint are denied.

20. The averments contained in Paragraph 83 of the First Amended Complaint state a legal conclusion to which no response is required.

21. In response to Paragraph 84 of the First Amended Complaint, these Defendants adopt and incorporate by reference all preceding paragraphs as if fully set forth herein.

22. The averments contained in Paragraphs 85-96 of the First Amended Complaint pertain to another or others and therefore no response is required of these Defendants.

23. In response to Paragraph 97 of the First Amended Complaint, these Defendants adopt and incorporate by reference all preceding paragraphs as if fully set forth herein.

24. The averments contained in Paragraphs 98-99 of the First Amended Complaint contain legal conclusions to which no response is required.

25. The averments contained in Paragraph 100 of the First Amended Complaint are denied as they pertain to these Defendants.

26. In response to Paragraph 101 of the First Amended Complaint, these Defendants adopt and incorporate by reference all preceding paragraphs as if fully set forth herein.

27. The averments contained in Paragraph 102 of the First Amended Complaint contain a statement of the law to which no response is required.

28. The averments contained in Paragraphs 103-104 of the First Amended Complaint are denied as they pertain to these Defendants.

29. In response to Paragraph 105 of the First Amended Complaint, these Defendants adopt and incorporate by reference all preceding paragraphs as if fully set forth herein.

30. The averments contained in Paragraph 106 of the First Amended Complaint are denied as they pertain to these Defendants

31. The averments contained in Paragraph 107 of the First Amended Complaint contain a statement of law to which no response is required.

32. The averments contained in Paragraphs 108-112 of the First Amended Complaint are denied as they pertain to these Defendants.

33. For answer to Plaintiff's prayers for relief, these Defendants deny the Plaintiff is entitled to the relief claimed against these Defendants under the theories alleged or any theory whatsoever. These Defendants further aver that Mr. Brown was provided adequate medical care while incarcerated at Silverdale Detention Facility. These Defendants demand a jury of twelve to try this action.

34. For answer to any averments contained in the First Amended Complaint not heretofore admitted, explained or denied, such averments are denied and strict proof is demanded thereof.

35. For further answer to the Plaintiff's First Amended Complaint and without admitting any liability whatsoever, these Defendants wish to preserve, aver, rely upon, and plead as an affirmative defense any statute of limitations or statute of repose defenses that the evidence may show to be applicable.

36. For further answer to the Plaintiff's First Amended Complaint and without admitting any liability whatsoever, these Defendants assert that the Plaintiff has failed to state a claim upon which relief may be granted.

37. For further answer to the Plaintiff's First Amended Complaint and without admitting any liability whatsoever, these Defendants rely on any defenses available to it pursuant to the provisions of Tenn. Code Ann. § 29-26-101 et seq. (2012 & Supp. 2014).

38. These Defendant specifically deny that Plaintiff is entitled to punitive damages. To the extent that the Court allows Plaintiff to proceed with a claim for punitive damages at any time in this action, these Defendants ask the Court to bifurcate any punitive damages claim.

39. For further answer to the Plaintiff's First Amended Complaint and without admitting any liability whatsoever to the Plaintiffs, these Defendants wish to preserve, aver, rely upon, and plead as an affirmative defense the defenses of intervening or superseding cause that the evidence in this civil action might show to be applicable.

40. For further answer to the Plaintiff's First Amended Complaint and without admitting any liability whatsoever to the Plaintiff, these Defendants wish to preserve, aver, rely upon, and plead as an affirmative defense the defenses of independent intervening negligence and/or acts of others, and lack of proximate cause that the evidence in this civil action might show to be applicable.

41. For further answer to the Plaintiff's First Amended Complaint and without admitting any liability whatsoever to the Plaintiff, these Defendants assert as an affirmative defense that to the extent that the Plaintiff or co-Defendants caused or contributed to any injury or damage for which Plaintiff seeks recovery, these Defendants rely upon the doctrine of comparative fault, and state that fault on the part of the Plaintiff and/or co-Defendants bars any recovery against

these Defendants, or, in the alternative, requires that any recovery against these Defendants be reduced in accordance with the degree or degrees of comparative fault of the Plaintiff and/or co-Defendants whose fault caused or contributed to any injury or damage for which Plaintiffs seek recovery.

42. For further answer to the First Amended Complaint and without admitting any liability whatsoever to the Plaintiff, these Defendants state that none of the alleged actions violated the Plaintiff's Constitutional rights and that they are not liable to Plaintiff under any theory of liability under either federal or state law.

43. These Defendants reserve the right to raise any other defenses not expressly referenced in this Answer that the evidence may show applicable, subject to the approval of this Honorable Court.

44. For further answer to the Plaintiff's First Amended Complaint and without admitting any liability whatsoever to the Plaintiff, these Defendants reserve the right, subject to this Honorable Court's approval, to amend their Answer as discovery and the evidence in this civil action might show to be justified.

**WHEREFORE**, these Defendants, now having fully answered the allegations of the Plaintiff's First Amended Complaint filed in this civil action, prays that the Plaintiff's claims against them be dismissed. Alternatively, these Defendants demand a jury to try this civil action pursuant to Rules 38 and 48 of the Federal Rules of Civil Procedure.

Respectfully submitted this 25th day of September, 2023.

                                          s/Jason H. Long
                                          Jason H. Long (BPR No. 018088)
                                          LEWIS THOMASON
                                          JLong@lewisthomason.com

620 Market Street, Fifth Floor
P. O. Box 2425
Knoxville, Tennessee 37901-2425
Telephone: (865) 546-4646
Fax: (865) 523-6529

Attorney for Defendants Nurse Edwards, Johnny Bates, M.D., Nurse E. Watson, Nurse Lorie Graves, Nurse Kenneth Crider, Jr., Donald Kern, M.D., and Nurse Cheyenne Hux,

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and exact copy of the foregoing document was filed electronically through the Court's ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

  This 25th day of September, 2023.

                 /s/Jason H. Long
                 ATTORNEY