IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE AT CHATTANOOGA

| | | |
|---|---|---|
| CHRYSTAL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00045-TAV-CHS |
| | ) | |
| COUNTY OF HAMILTON, TENNESSEE, | ) | JURY DEMANDED |
| HAMILTON COUNTY SHERIFF JIM | ) | |
| HAMMOND, QCHC OF TENNESSEE, PLLC, | ) | |
| SERGEANT HUGHES, SERGEANT HOLLAND, | ) | |
| OFFICER ALLEN, OFFICER GELACIO, | ) | |
| SERGEANT ROBERTS, OFFICER | ) | |
| ACKERMANN, OFFICER LEWIS, OFFICER | ) | |
| BELL, OFFICER WYATT, OFFICER JACKSON, | ) | |
| OFFICER CHISHOLM, OFFICER STOLZ, | ) | |
| NURSE EDWINS, JOHNNY BATES, MD, | ) | |
| NURSE E. WATSON, NURSE LORIE GRAVES, | ) | |
| NURSE KENNETH CRIDER JR., NURSE M. | ) | |
| ALFINDA, DONALD KERN, MD, NURSE | ) | |
| KELLY POWELL, and CHEYENNE HUX, MD, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF NURSE MARJORIE ALFINDA**


Comes now the Defendant Nurse Marjorie Alfinda (named in the caption as "Nurse M.
Alfinda"), and for answer to the First Amended Complaint filed in this action would state as
follows.

1.      Paragraph 1 of the First Amended Complaint states the legal basis for which this
action was brought and therefore no response is required of this Defendant.  This Defendant does
deny that she acted with deliberate indifference with respect to Mr. Brown.

2.      This Defendant is without sufficient knowledge or information to admit or deny
the averments contained in Paragraphs 2-4 of the First Amended Complaint and therefore neither

admits nor denies the same. This Defendant further avers such allegations are not pertinent to the present cause of action, are only intended to sensationalize Plaintiff's cause of action and should be stricken from the First Amended Complaint.

3.      To the extent the averments contained in Paragraph 5 of the First Amended Complaint allege this Defendant failed to provide adequate care to Mr. Brown while he was incarcerated at Silverdale Detention Facility, such averments are denied and the factual allegations set forth related thereto are denied as stated. This Defendant relies upon the medical records of Mr. Brown for a complete description of his condition and the care he received while at Silverdale Detention Facility. This Defendant is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 5 and therefore neither admits nor denies the same. To the extent such averments state a medical opinion, no response is required thereto.

4.      The averments contained in Paragraphs 6-8 of the First Amended Complaint state the statutory basis for jurisdiction and venue upon which this action is brought and no response is required thereto.

5.      This Defendant is without sufficient knowledge or information to admit the averments contained in Paragraph 9 of the First Amended Complaint and therefore neither admits nor denies the same.

6.      The averments contained in Paragraphs 10-28 of the First Amended Complaint pertain to another or others and therefore no response is required of this Defendant.

7.      For answer to the averments contained in Paragraphs 29 of the First Amended Complaint, it is admitted that she was employed or contracted by QCHC and working at Silverdale but it is denied she failed to provide adequate medical care to Mr. Brown. This

Defendant relies upon the medical records of Mr. Brown for a more complete description of the medical care rendered.

8. The averments contained in Paragraph 31-33 of the First Amended Complaint pertain to another or others and therefore no response is required of this Defendant.

9. The averments contained in Paragraph 34 of the First Amended Complaint state legal conclusions to which no response is required.

10. For answer to the averments contained in Paragraphs 35-59 of the First Amended Complaint, this Defendant is without sufficient knowledge or information to admit or deny such allegations and therefore neither admits nor denies the same. Further, this Defendant avers that such allegations are not relevant to the present cause of action and are included in the First Amended Complaint to sensationalize this claim and should therefore be stricken from the First Amended Complaint. This Defendant specifically denies that she failed to provide adequate medical care.

11. For answer to the averments contained in Paragraphs 60 of the First Amended Complaint, this Defendant is without sufficient knowledge or information to admit or deny such allegations and therefore neither admits nor denies the same.

12. For answer to the averments contained in Paragraph 61 of the first Amended Complaint, it is denied that Mr. Brown was not receiving any medications. This Defendant relies upon the records of Mr. Brown concerning medications he was or was not receiving while incarcerated. This Defendant is without sufficient knowledge or information to admit or deny the remaining averments contained in Paragraph 61 of the First Amended Complaint and therefore neither admits nor denies the same.

13.     For answer to the averments contained in Paragraphs 62 of the First Amended Complaint, this Defendant is without sufficient knowledge or information to admit or deny such allegations and therefore neither admits nor denies the same.

14.     For answer to the averments contained in Paragraph 63-64 of the First Amended Complaint, such averments are denied as to this Defendant.

15.     For answer to the averments contained in Paragraphs 65-76 of the First Amended Complaint, this Defendant relies upon the medical records of Mr. Brown reflecting the care and treatment he received while at Silverdale Detention Facility.  This Defendant is without sufficient knowledge or information to admit or deny the remaining averments contained in the First Amended Complaint and therefore neither admits nor denies the same.

16.     In response to Paragraph 77 of the First Amended Complaint, this Defendant adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

17.     Paragraphs 78-79 of the First Amended Complaint only contain statements of the law to which no response is required.

18.     The averments contained in Paragraphs 80-82 of the First Amended Complaint are denied.

19.     The averments contained in Paragraph 83 of the First Amended Complaint state a legal conclusion to which no response is required.

20.     In response to Paragraph 84 of the First Amended Complaint, this Defendant adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

21.     The averments contained in Paragraphs 85-96 of the First Amended Complaint pertain to another or others and therefore no response is required of this Defendant.

22. In response to Paragraph 97 of the First Amended Complaint, this Defendant adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

23. The averments contained in Paragraphs 98-99 of the First Amended Complaint contain legal conclusions to which no response is required.

24. The averments contained in Paragraph 100 of the First Amended Complaint are denied as they pertain to this Defendant.

25. In response to Paragraph 101 of the First Amended Complaint, this Defendant adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

26. The averments contained in Paragraph 102 of the First Amended Complaint contain a statement of the law to which no response is required.

27. The averments contained in Paragraphs 103-104 of the First Amended Complaint are denied as they pertain to this Defendant.

28. In response to Paragraph 105 of the First Amended Complaint, this Defendant adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

29. The averments contained in Paragraph 106 of the First Amended Complaint are denied as they pertain to this Defendant.

30. The averments contained in Paragraph 107 of the First Amended Complaint contain a statement of law to which no response is required.

31. The averments contained in Paragraphs 108-112 of the First Amended Complaint are denied as they pertain to this Defendant.

32. For answer to Plaintiff's prayers for relief, this Defendant denies the Plaintiff is entitled to the relief claimed against her under the theories alleged or any theory whatsoever. This Defendant further avers that Mr. Brown was provided adequate medical care while

incarcerated at Silverdale Detention Facility. This Defendant demands a jury of twelve to try this action.

33.     For answer to any averments contained in the First Amended Complaint not heretofore admitted, explained or denied, such averments are denied and strict proof is demanded thereof.

34.     For further answer to the Plaintiff's First Amended Complaint and without admitting any liability whatsoever, this Defendant wishes to preserve, aver, rely upon, and plead as an affirmative defense any statute of limitations or statute of repose defenses that the evidence may show to be applicable.

35.     For further answer to the Plaintiff's First Amended Complaint and without admitting any liability whatsoever, this Defendant asserts that the Plaintiff has failed to state a claim upon which relief may be granted.

36.     For further answer to the Plaintiff's First Amended Complaint and without admitting any liability whatsoever, this Defendant relies on any defenses available to it pursuant to the provisions of Tenn. Code Ann. § 29-26-101 et seq. (2012 & Supp. 2014).

37.     This Defendant specifically denies that Plaintiff is entitled to punitive damages. To the extent that the Court allows Plaintiff to proceed with a claim for punitive damages at any time in this action, this Defendant asks the Court to bifurcate any punitive damages claim.

38.     For further answer to the Plaintiff's First Amended Complaint and without admitting any liability whatsoever to the Plaintiffs, this Defendant wishes to preserve, aver, rely upon, and plead as an affirmative defense the defenses of intervening or superseding cause that the evidence in this civil action might show to be applicable.

39.     For further answer to the Plaintiff's First Amended Complaint and without admitting any liability whatsoever to the Plaintiff, this Defendant wishes to preserve, aver, rely upon, and plead as an affirmative defense the defenses of independent intervening negligence and/or acts of others, and lack of proximate cause that the evidence in this civil action might show to be applicable.

40.     For further answer to the Plaintiff's First Amended Complaint and without admitting any liability whatsoever to the Plaintiff, this Defendant asserts as an affirmative defense that to the extent that the Plaintiff or co-Defendants caused or contributed to any injury or damage for which Plaintiff seeks recovery, this Defendant relies upon the doctrine of comparative fault, and states that fault on the part of the Plaintiff and/or co-Defendants bars any recovery against this Defendant, or, in the alternative, requires that any recovery against this Defendant be reduced in accordance with the degree or degrees of comparative fault of the Plaintiff and/or co-Defendants whose fault caused or contributed to any injury or damage for which Plaintiffs seek recovery.

41.     For further answer to the First Amended Complaint and without admitting any liability whatsoever to the Plaintiff, this Defendant states that none of the alleged actions violated the Plaintiff's Constitutional rights and that she is not liable to Plaintiff under any theory of liability under either federal or state law.

42.     This Defendant reserves the right to raise any other defenses not expressly referenced in this Answer that the evidence may show applicable, subject to the approval of this Honorable Court.

43.     For further answer to the Plaintiff's First Amended Complaint and without admitting any liability whatsoever to the Plaintiff, this Defendant reserves the right, subject to this

Honorable Court's approval, to amend their Answer as discovery and the evidence in this civil action might show to be justified.

**WHEREFORE**, this Defendant, now having fully answered the allegations of the Plaintiff's First Amended Complaint filed in this civil action, prays that the Plaintiff's claims against her be dismissed. Alternatively, this Defendant demand a jury to try this civil action pursuant to Rules 38 and 48 of the Federal Rules of Civil Procedure.

Respectfully submitted this 20th day of October, 2023.

s/Jason H. Long
Jason H. Long (BPR No. 018088)
LEWIS THOMASON
JLong@lewisthomason.com
620 Market Street, Fifth Floor
P. O. Box 2425
Knoxville, Tennessee 37901-2425
Telephone: (865) 546-4646
Fax: (865) 523-6529

Attorney for Defendant Nurse Marjorie Alfinda

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and exact copy of the foregoing document was filed electronically through the Court's ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

This 20th day of October, 2023.

/s/Jason H. Long
ATTORNEY